UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALFRED K. CLOKE, III,
          Plaintiff,                       Case No. 1:11-cv-677
                                            Barrett, J.
    vs.                               Litkovitz, M.J.

UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS
OF AMERICA, et al.,                   **ORDER AND REPORT AND**
          Defendants.                  **RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action under the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 411 and 461, and § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, against defendants United Brotherhood of Carpenters and Joiners of America (UBC), Bobby Yeggy and Douglas McCarron.  This matter is before the Court on plaintiff's motion for an emergency injunction (Doc. 6) and defendants' response in opposition (Doc. 9); plaintiff's motion for extension of time to seek leave to amend the complaint (Doc. 10); and plaintiff's "Motion to File Ex Parte under LMRDA Title V Sec. 501." (Doc. 14).

## I.  Procedural Background

This lawsuit arises out of the merger of several local unions, which plaintiff claims violated his rights under federal statutory law.  Plaintiff makes the following allegations in support of his claims:  On September 11, 2011, at a monthly meeting of Local 1066, the General President verbally announced that the Local was being merged with other millwright locals in the State of Ohio.  (Doc. 3, at  4).  The General President cited no part of "the Constitution" and gave no reason for the merger.  (*Id.*).  It was announced at the same meeting that the elected Local

President, Financial Secretary and appointed Business Representative were ordered to report to a meeting in Columbus, Ohio. (*Id.*). At that meeting, defendant Yeggy, Midwest Vice-President of the UBC, informed the officers who were present that the local unions were to be merged as of November 1, 2011. (*Id.*). Yeggy warned them not to spend any local union funds and stated that "they" would be watching. (*Id.*). The officers were ordered to attempt to recover any deposits, forego any other expenditures, and conduct a special audit of all Local 1066 property. (*Id.*). The monies at issue were funds which the members of Local 1066 had voted to be expended. (*Id.*).

Plaintiff claims that through their actions, defendants breached the contract between the members and the UBC and violated § 301 of the LMRDA by (1) denying plaintiff his voting rights as a member of Local 1066, including the right to vote on how to expend the Local's funds, (2) threatening the members with some form of discipline by the UBC if the members exercised their rights "guaranteed within the Constitution," and (3) failing to inform plaintiff, a local union member, in writing of the reasons for the merger of Local 1066 and the other locals. (*Id.*, at 5). Plaintiff requests as relief that the Court issue an injunction to remain in force until such time as the members are notified in writing of the reasons for the merger and the seizure of Local 1066's assets is stopped. (*Id.*). Plaintiff also seeks punitive damages in the amount of $10,000,000.00. (*Id.*).

## II.  Resolution

### A.  Motion for Emergency Injunction (Doc. 6)

Plaintiff filed a motion for an emergency injunction on November 2, 2011, seeking to enjoin defendants "from all activities involving the merger of Local 1066 with other Locals in Ohio." (Doc. 6, at 1). Plaintiff alleges that on November 1, 2011, while this action was pending,

defendants seized all of the assets of the members of Local 1066 without notifying plaintiff. Plaintiff contends that defendants have not informed the members of the Local of the reason for the merger so as to allow plaintiff as a member to decide whether the merger is reasonable and to vote on the merger.  Plaintiff seeks the "immediate restoration" of all funds that have purportedly been seized and requests that Local 1066 be allowed to operate as an entity pursuant to an injunction until all appeals in this case have been exhausted.  (*Id.*, at 3).

Defendants oppose plaintiff's request for preliminary injunctive relief.  (Doc. 9).  They argue that plaintiff will not suffer irreparable harm if the requested relief is not granted because the merger of the local unions has already occurred; there is no likelihood of success on the merits; issuance of an injunction would cause irreparable harm to the UBC and the other affected locals because Local 1066 has already been dissolved and merged with the other locals; and the public interest would not be served under these circumstances.

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991).  The four

3

factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation, he has not alleged facts indicating a substantial likelihood of success on the merits of his statutory claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any violations of his statutory rights.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. According to plaintiff, the present status quo in this case is that he has suffered numerous violations of his federal statutory rights as the result of acts which defendants have already committed. The remedy plaintiff presently seeks is not an injunction maintaining the status quo. Rather, plaintiff seeks an Order from this Court which would in effect turn back the clock by requiring defendants to undo a merger which has occurred and replace funds which allegedly have been taken from Local 1066, all before any statutory violations have been proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.* Accordingly, plaintiff's request for a preliminary injunction should be denied.

4

**B. Motion for additional time to seek leave to file an amended complaint (Doc. 10)**

On November 28, 2011, plaintiff filed a motion for an extension of time until December 30, 2011, to seek leave to file an amended complaint. Defendants did not oppose the motion. Plaintiff filed a motion for leave to amend the original complaint on December 12, 2011 (Doc. 13), and defendants have been granted an extension of time until January 16, 2012, to respond to the motion for leave to amend. (Doc. 18). Accordingly, the Court will grant plaintiff's motion for an extension of time.

**C. Motion to File Ex Parte (Doc. 14)**

Plaintiff filed a motion on December 12, 2011, seeking "leave to file ex parte under LMRDA Title V Sec. 501." (Doc. 14, at 1). In support of the motion, plaintiff alleges that an insurance plan that participating members of Local 1066 paid into monthly, which provided death benefits for members, and which was backed by the general fund of Local 1066 was included in the Local 1066 funds seized by defendants as part of the merger of Local 1066 and other local unions. Plaintiff contends that defendants violated their fiduciary responsibilities by seizing these funds and diverting Local 1066's general fund and death benefit fund to other purposes. Plaintiff alleges that defendants' act of cancelling an insurance policy which had been in effect for over 30 years without considering the consequences to the members of Local 1066 violated the provisions of "Title V Sec. 501 of the LMRDA" (29 U.S.C. § 501).

Plaintiff does not explain in his motion what it is he seeks to file ex parte. Nor has plaintiff made any attempt to explain why he is entitled to seek relief through an ex parte filing. Thus, the Court will deny the motion to file ex parte.

### III.  Conclusion

1.   It is hereby **ORDERED** that plaintiff's motion for additional time to seek leave to file an amended complaint (Doc. 10) is **GRANTED** and plaintiff's motion for leave to file ex parte (Doc. 14) is **DENIED**.

2.   It is **RECOMMENDED** that plaintiff's motion for emergency injunction (Doc. 6) be **DENIED**.

Date: 1/6/2012

Karen L. Litkovitz
United States Magistrate Judge

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALFRED A. CLOKE, III,                          Case No. 1:11-cv-677
      Plaintiff

                                             Barrett, J.
vs                                             Litkovitz, M.J.

UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS
OF AMERICA, et al.,
      Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alfred K. Cloke, III
621 Neptune Way
Cincinnati, OH 45244

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( *Printed Name*) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*

7010 3090 0000 8524 9998

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540