UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALFRED K. CLOKE, III,  :  Case No. 1:11-cv-677
: 
Plaintiff,  :  Judge Timothy S. Black
:
vs.  :
:
BOBBY YEGGY, *et al.*,  :
:
Defendants.  :

**DECISION AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DOC. 13); (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER THE LMRDA (DOC. 25); (3) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (DOC. 11) WITHOUT PREJUDICE TO REFILING; AND (4) ORDERING PLAINTIFF TO FILE A CONSOLIDATED AMENDED COMPLAINT WITHIN 14 DAYS**

This civil case is before the Court on Defendants' Motion to Dismiss (Doc. 11), Plaintiff's Motion to Amend the Original Complaint (Doc. 13), and Plaintiff's Motion for Leave to File Under the LMRDA (Doc. 25). Plaintiff's Motion to Amend the Original Complaint was filed in response to Defendants' Motion to Dismiss and Plaintiff filed no other memoranda opposing Defendants' Motion. Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Leave to Amend the Original Complaint, (Doc. 22) and Plaintiff filed a reply (Doc. 26). Defendants also filed a Memorandum in Opposition to Plaintiff's Motion for Leave to File Under LMRDA (Doc. 27). The Motions are now ripe.

Plaintiff's original Complaint (Doc. 3), filed October 14, 2011, purports to assert claims against Defendants Bobby Yeggy, Douglas McCarron and the United Brotherhood

of Carpenters and Joiners of America ("UBC") under the Labor-Management Reporting and Disclosures Act ("LMRDA"), 29 U.S.C. §§ 411 and 461, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Plaintiff contends that, at a meeting of Local Union 1066 on September 11, 2011, "an announcement was made that Local 1066 was being merged with the other Millwright Locals in the state of Ohio" and that officers and representatives of Local Union 1066 "were ordered to report to a meeting in Columbus, Ohio." (Doc. 3). At the meeting in Columbus, Ohio, Defendant Yeggy, the District Vice President for the Midwestern District of the UBC:

> informed the officers present that the Locals were to be merged as of November 1, 2011. He also warned them not to spend any Local funds and stated that they would be watching. They were also ordered to attempt to recover any deposits an to forego any other expenditures and to have a special audit of all Local 1066 property.

(Doc. 3). Plaintiff alleges that the money at issue in Defendant Yeggy's statement was "legally proposed and voted to be expended by the members of Local 1066" and that Yeggy's directive violated Plaintiff's "rights to vote guaranteed by the LMRDA and the Constitution of the UBC." (Doc. 3). Plaintiff also contends that the merger of Local 1066 with other local unions violated the UBC Constitution and suggests that members were entitled to written notice of the merger explaining the reasons for the merger.

On December 23, 2011, Defendants moved to dismiss Plaintiff's original Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 11). A mere six days later, on December 12, 2012, Plaintiff

2

filed a Motion for Leave to Amend the Original Complaint. (Doc. 13). Pursuant to Fed. R. Civ. P. 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Thus, technically, Plaintiff did not require leave to file the proposed Amended Complaint.

Plaintiff's proposed Amended Complaint focuses substantially on Defendant McCarron's decision to dissolve Local 1066 and merge it with other local unions to form Local 1090. Plaintiff contends that he, as a member of Local 1066, was entitled to notice of the General President's decision under Section 6A[1] of the UBC Constitution sufficiently in advance of the merger's effective date so that his appeal could be resolved before the merger took effect.

Plaintiff's proposed Amended Complaint also asserts allegations of bad faith, imposition of a trusteeship over Local 1066 by the UBC, the unlawful imposition of discipline by the UBC, the unlawful imposition of increased dues and assessments

---

[1] Section 6A of the Constitution specifically provides that:

> The United Brotherhood is empowered, upon agreement of the Local Unions and Councils directly affected, or in the discretion of the General President subject to appeal to the General Executive Board, where the General President finds that it is in the best interests of the United Brotherhood and its members, locally or at large, to establish or dissolve any Local Union or Council, to merge or consolidate Local Unions or Councils, to establish or alter the trade or geographical jurisdiction of any Local Union or Council, to form Councils and to permit, prohibit or require the affiliation with or disaffiliation from any Council by any Local Union.

(Doc. 22-1). Section 53H of the Constitution provides that "[a]ll appeal of decisions of the General President . . . must be filed with the General Secretary-Treasurer within thirty (30) days from the date of the receipt of the General President's decision[.]"

3

without member vote, and the unlawful cancellation of spending previously approved by voters of Local 1066.

Defendants oppose Plaintiffs' Motion for Leave on the grounds that the proposed amendment would be futile. In large part, Defendants address Plaintiff's assertions regarding insufficient notice. Defendants argue that nothing in the UBC Constitution requires pre-effective date notice of the General President's decision under Section 6A of the UBC Constitution. Defendants also point to Plaintiff's own allegations that he, in fact, knew of the merger in advance of the effective date, received subsequent written notice of the merger and that Plaintiff "simply failed to file an appeal."[2] Defendants also argue that the merger of local unions, in and of itself, does not amount to discipline or a trusteeship, and that the newly established local union's actions following the merger are not chargeable to the UBC.

"A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, at 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). However, where a party "was not

---

[2] The UBC Constitution provides that "[a]ll members and all Local Unions and Councils are required to exhaust all administrative remedies provided in this Section before commencing proceedings in any court or any agency provided by law." Generally, "[e]very available remedy within the labor organization must be exhausted by members before the aid of the courts can be invoked unless public interest is involved, or an attempt to resort to internal remedies would be futile, illusory, and vain." 51 C.J.S. Labor Relations § 170 (2012). While Defendants generally note Plaintiff's failure to appeal the General President's decision, it is unclear whether Defendants argue that Plaintiff's claims are barred as a result of his apparent failure to exhaust administrative remedies.

required to seek leave, the fact that the amendment would be futile [does] not provide a basis for the district court to strike [an] amended complaint." *Broyles v. Corr. Med. Services, Inc.*, No. 08-1623, 2009 WL 3154241, at *4 (6th Cir. Jan. 23, 2009).

Here, the Court construes Plaintiff's Motion for Leave to Amend the Original Complaint (Doc. 13), as well as the proposed Amended Complaint attached thereto (Doc. 13-1), which were filed within 21 days following the filing of Defendants' Motion to Dismiss, as Plaintiff's First Amended Complaint – for which leave was not required pursuant to Fed. R. Civ. P. 15(a)(1). Thus, Defendants' futility contentions are insufficient to strike the proposed Amended Complaint.

Because the amended complaint supersedes the original complaint, and because Defendant's Motion to Dismiss (Doc. 11) is directed to the original Complaint, Defendant's Motion is now moot. *See Perkins v. Sun Chemical Corp.*, No. 1:10cv810, 2011 WL 1403069, at *2 (S.D. Ohio Apr. 12, 2011). As a result, Defendants' Motion to Dismiss (Doc. 11) is **DENIED AS MOOT** without prejudice to refiling.

Plaintiff also sought leave to further amend the Complaint on January 30, 2012, seeking to assert an additional claim under the LMRDA. Absent the ability to amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

Defendants' response to Plaintiff's second motion for leave to amend generally contends that the Court already rejected Plaintiff's attempt to file the claim he seeks to

5

add. (Doc. 27). However, the Court denied Plaintiff's previous attempt to file such a claim because Plaintiff sought to do so *ex parte* without offering any explanation as to why an *ex parte* filing was appropriate. (Doc. 20, 23). Because the Court shall grant leave to amend freely when justice requires, Plaintiff's second Motion for Leave (Doc. 25) is **GRANTED**.

Accordingly, based on the foregoing, the Court orders as follows:

(1) that Plaintiff's Motion to Amend the Original Complaint (Doc. 13) be **GRANTED** and therefore construed as an amendment as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1);

(2) that Defendants' Motion to Dismiss (Doc. 11) be **DENIED** as **MOOT**, without prejudice to refiling;

(3) that Plaintiff's Motion for Leave to File Under LMRDA Title V Section 501 (Doc. 25) be **GRANTED**; and

(4) that Plaintiff, **WITHIN 14 DAYS FROM ENTRY OF THIS ORDER**, file an comprehensive amended complaint incorporating the claims asserted in his first proposed Amended Complaint (Doc. 13-1) with the additional claim asserted in his second Motion for Leave to File Under LMRDA (Doc. 25).

**IT IS SO ORDERED**.

Date: 4/19/12

Timothy S. Black
United States District Judge